UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID A. STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00294-JMS-MJD |
| | ) | |
| WEXFORD OF INDIANA, LLC, | ) | |
| BYRD, | ) | |
| ROBERTSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY DENYING MOTION FOR SUMMARY JUDGMENT
## AND DIRECTING FURTHER PROCEEDINGS

### I. Background

Plaintiff David A. Stanley, an inmate confined at all relevant times at Wabash Valley

Correctional Facility, filed this civil rights action on June 8, 2020. Mr. Stanley brings claims of

deliberate indifference to a serious medical need and medical malpractice against Dr. Byrd and

Wexford of Indiana, LLC ("Wexford").[1]

The defendants moved for summary judgment seeking resolution of the claims against

them on the basis that Mr. Stanley failed to exhaust his available administrative remedies before

filing this action. Dkt. 17.

Mr. Stanley filed a motion for assistance with recruiting counsel stating that he was

illiterate and could not read or write. Dkts. 21, 25. The Court granted his motion to the extent it

would recruit counsel to assist Mr. Stanley with his response to the motion for summary judgment.

---

[1] A suggestion of death was filed on December 3, 2020, informing the parties that the third defendant, Dr.
Robertson, died on or about November 11, 2020. Dkt. 35. The notice stated that counsel was not aware of
an estate being opened. *Id.*

Dkt. 24. After counsel was recruited, dkt. 28, Mr. Stanley responded, dkts. 41, 242, and the defendants replied, dkt. 43. The motion for summary judgment is ripe for resolution. For the reasons explained in this Entry, the defendants' motion for summary judgment must be **denied.**

## II.  Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Educ., Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).[2] "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

---

[2] The Court reminds the parties that Mr. Stanley has also asserted medical malpractice claims, to which the PLRA exhaustion requirements do not apply.

2

"State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch,* 902 F.3d 683, 687 (7th Cir. 2018).

### III. Discussion

**A.      Undisputed Facts**

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to the plaintiffs as the non-moving parties with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Under the Indiana Department of Correction Offender ("IDOC") Grievance Process—Policy and Administrative Procedure Number 00-02-301 ("Offender Grievance Process"), offenders can raise their concerns relating to medical care. Dkt. 19-1, ¶ 7 (Affidavit of Thomas Wellington). Since April 1, 2020,[3] the Offender Grievance Process has consisted of the following steps: (1) a formal attempt to resolve a problem or concern; (2) a written appeal to the facility Warden or the Warden's designee; and (3) a written appeal to the IDOC Grievance Manager. *Id.* at ¶ 8.

An offender wanting to submit a grievance on an issue must submit a completed State Form 45471 "Offender Grievance," no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. *Id.* at ¶ 9. If the offender disagrees with the formal response to the grievance, he may appeal the response to the

---

[3] Mr. Stanley's claims accrued in 2019. Dkt. 2. No party contends, however, that the Offender Grievance Process was substantively different before April 1, 2020.

facility Warden or the Warden's designee by submitting State Form 45473 "Grievance Appeal" to the Grievance Specialist within five (5) business days after receiving the grievance response. *Id.* at ¶ 11. If the offender wishes to appeal the Warden's or the Warden's designee's appeal response, the offender must check the "Disagree" box, sign, and submit the completed State Form 45473 "Offender Grievance Appeal," and submit any additional, pertinent documentation to the Grievance Specialist within five (5) business days of receipt of the appeal response. *Id.* at ¶ 12.

Mr. Stanley was given a copy of the IDOC Offender Handbook, which includes a section on the Offender Grievance Process, at some point after he was incarcerated. Dkt. 42-1, ¶ 6.

Mr. Stanley is illiterate. He cannot read or write the English language, but he can sign his name. *See* Dkt. 42-1, ¶¶ 4-5; dkt. 42-2; dkt. 42-3.

Mr. Stanley did not file a grievance relating to his claims before filing this action. Dkt. 19-1, ¶ 18; dkt. 42-1, ¶¶ 7-8.

**B.    Discussion**

The parties dispute whether the Offender Grievance Process was available to Mr. Stanley. *See Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (discussing various ways a grievance process may be unavailable). "'[U]navailability' extends beyond 'affirmative misconduct' to omissions by prison personnel, particularly failing to inform the prisoner of the grievance process." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *see also King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020).

Mr. Stanley states in his sworn affidavit that no one ever went over the handbook with him or asked if he could read or understand it. Dkt. 42-1, ¶ 6. He further states that no prison official

4

told him about "any required procedures for medical claims" and he only learned about the grievance process from another inmate who also told him that at the time, he was "too late." *Id.*, ¶ 7.

In reply, Mr. Stanley's caseworker Ms. Kelly Sweazey, testifies in her sworn affidavit that she met with Mr. Stanley in her office on February 27, 2019, and because he told her he was illiterate, she "read all of the necessary paperwork to him," covering matters that included the "grievance process." Dkt. 43-1, ¶ 5. She checked and initialed boxes on an Admission and Orientation Checklist on "2-26-19", *id.,* ¶ 6, and it appears that Mr. Stanley signed his name on the bottom of that document on February 26, 2019. Dkt. 19-4.

Defendants ask that the Court weigh the evidence and conclude that Mr. Stanley's statements cannot be true. The Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health and Hospitals Corp.* 892 F.3d 887, 893 (7th Cir. 2018). Mr. Stanley's sworn testimony conflicts with that of his caseworker's. "[S]ummary judgment is a singularly inappropriate time to resolve a 'he said, she said' kind of dispute." *Russell v. Bd. of Trustees of Univ. of Ill. at Chicago*, 243 F.3d 336, 340 (7th Cir. 2001).

"Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015); *see also Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Defendants have not met their burden.

## IV. Conclusion

For the foregoing reasons, the motion for summary judgment filed by Dr. Byrd and Wexford, dkt. [17], must be **DENIED.** The action remains stayed except for activities associated

with the development and resolution of the affirmative defense that the plaintiff failed to exhaust his administrative remedies, or any other matter directed by the Court.

If the defendants wish to withdraw their affirmative defense in lieu of having a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), they must do so by **March 26, 2021.** Otherwise a hearing will be set.

The Court greatly appreciates the assistance provided thus far by Mr. Kautzman and requests that he remain on the case until further order.

IT IS SO ORDERED.

Date: 3/5/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID A. STANLEY
114360
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All electronically registered counsel